IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN BEARDSLEY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>RESORT SALES BY SPINNAKER, INC., and RESORT SALES MISSOURI, INC. and JOHN DOE CORPORATION,<br><br>          Defendants. | Case No. |

## CLASS ACTION COMPLAINT

Plaintiff Brian Beardsley (hereinafter referred to as "Plaintiff" or "Mr. Beardsley"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

### I. PRELIMINARY STATEMENT

1.  Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Defendants Resort Sales by Spinnaker, Inc. ("RSS"), Resort Sales Missouri, Inc. ("RSM") and John Doe Corporation ("John Doe") (collectively "Defendants") made telemarketing calls to residential numbers listed on the National Do Not Call Registry, like Mr. Beardsley' telephone number, which is prohibited by the TCPA. RSS and RSM hired John Doe to make telemarketing calls based on telephone numbers and scripts that they provided to John Doe. John Doe would follow RSS and RSM's instructions and physically dial the calls.

4. Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendants.

5. A class action is the best means of obtaining redress for Defendants' wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## II.   PARTIES

6. Plaintiff Brian Beardsley is a Massachusetts resident and a resident of this District.

7. Defendant Resort Sales by Spinnaker, Inc., is a South Carolina corporation with its principal place of business in Hilton Head, South Carolina. Defendant accepts process through Maria Belbas Parker, 104 Carolina Bldg. 10, Office Park Rd., Hilton Head Island, South Carolina 29928.

8. Defendant Resort Sales Missouri, Inc. is a Missouri corporation with its principal place of business at 35 DeAllyon Road, Hilton Head Island, South Carolina 29928, and accepts process through Scott Wuest, 700 Blue Meadows Rd., Branson, Missouri 65616.

9. Defendant John Doe Corporation is a telemarketing company hired by the Defendants.

## III.   JURISDICTION & VENUE

10. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

11. This Court has jurisdiction over Defendants, who regularly engage in business in this District, including making telemarketing calls into this District and soliciting business from this District for various Spinnaker-branded resorts.

12. John Doe physically dials telemarketing calls into this District, as it did with the Plaintiff.

13. RSS and RSM hired John Doe and instructed them to contact the Plaintiff's telephone number as well as others in this District, to promote Spinnaker-branded resorts.

14. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing calls to the Plaintiff occurred in this District.

### IV.    THE TELEPHONE CONSUMER PROTECTION ACT

15. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

16. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

17. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

18. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## V. FACTUAL ALLEGATIONS

19. Defendants RSS and RSM are subsidiaries of Spinnaker Resorts, Inc., which has over a dozen time share and vacation destinations throughout the country.

20. To generate business for its Spinnaker-branded family of properties, RSS and RSM rely on telemarketing conducted by third parties, including the Defendant John Doe.

21. Those telemarketing calls violate the TCPA when they are made to residential consumers on the National Do Not Call Registry.

### A. The Calls to Mr. Beardsley

22. Mr. Beardsley is a "person" as defined by 47 U.S.C. § 153(39).

23. Mr. Beardsley' residential telephone number is (508) 280-XXXX.

24. Mr. Beardsley listed that telephone number on the National Do Not Call Registry on October 10, 2006 and has not removed it from the Registry since that time.

25. Mr. Beardsley uses his telephone number for personal, residential, and household purposes.

26. Mr. Beardsley' residential telephone number is not associated with any business.

27. In 2020, Mr. Beardsley received multiple telemarketing calls from John Doe on behalf of the remaining defendants.

28. Mr. Beardsley received approximately 17 such telemarketing calls.

29. Mr. Beardsley reported as such to the Defendants in 2020 after he received the unwanted calls.

30. After receiving multiple calls from John Doe on behalf of RSS and RSM, Mr. Beardsley finally spoke with

31. Mr. Beardsley never provided his consent to received telemarketing calls from Defendants.

32. All of the telemarketing calls that Mr. Beardsley received from Defendants were made to promote the Spinnaker family of resorts' services.

33. They were scripted telemarketing pitches that mentioned "bonus points" to allow for discounted travel to Spinnaker's Hilton Head resort.

34. The Plaintiff was uninterested and terminated the calls.

35. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

36. Indeed, other individuals have complained to the Better Business Bureau about getting unsolicited telemarketing calls from Defendants:

> 06/16/2020
> *These people call me non stop.....never done business with them, never asked for info, and I don't know the "friend" they say gave them my information. They keep promising to remove me but they never do. Sick of this stinking harassment. I think someone gave them my info as a joke and it;s a shame that Spinnaker is too stupid to figure that out after I have had to cuss out every sales person who has called me.*
>
> *05/06/2019*
> *I am so so tried of this company calling me every 10 days trying to push their product. I have told them time and time again I never requested any information from them and am not interested in their product. I contacted their corporate office and they assured me that they would remove me from their list. Now once again I just had a call from Chris to sell me their product, he refused to give me his last name. Please BBB can you do something bout this.*

*See* https://www.bbb.org/us/sc/hilton-head-island/profile/timeshare-companies/spinnaker-resorts-0403-235955062/customer-reviews#714724587 (last visited October 8, 2021).

### VI. RSS AND RSM'S LIABILITY FOR JOHN DOE'S CONDUCT

37. The Federal Communication Commission ("FCC") is tasked with promulgating rules and orders related to enforcement of the TCPA. *See* 47 U.S.C. 227(b)(2).

38. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 F.C.C. Rcd 12391, 12397 (¶ 13) (1995).

39. In their January 4, 2008, ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. *Id.* (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

40. On May 9, 2013, the FCC confirmed this principle in a Declaratory Ruling holding that entities such as RSS and RSM may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy.

*May 2013 FCC Ruling*, 28 F.C.C. Rcd at 6588 (¶ 37) (internal citations omitted).

41. RSS and RSM instructed John Doe on what numbers to call. As such, RSS and RSM were responsible for compliance with the TCPA by ensuring that the calls made to those numbers were permissible.

42. Moreover, RSS and RSM maintained interim control over the actions of the party that made the call.

43. For example, RSS and RSM gave interim instructions to John Doe by providing (a) the script that they would have to use, (b) the dates and times they could make the calls (c) and instructions on how to consummate a sale to an interested consumer.

44. Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *Id.* at 6592-593 (¶ 46). Moreover, evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 (¶ 46).

### VII.   CLASS ACTION STATEMENT

45. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

46. The class of persons Plaintiff proposes to represent is tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of the Defendants (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class".

47. Excluded from the Class are counsel, the Defendants, and any entities in which the Defendant have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

48. The Class as defined above are identifiable through phone records and phone number databases.

49. The potential members of the Class number at least in the thousands.

50. Individual joinder of these persons is impracticable.

51. The Plaintiff is a member of the Class.

52. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) whether the Defendants are vicariously liable for John Doe's conduct;

    (b) whether Defendants systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    (c) whether Defendants made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

    (d) whether Defendants' conduct constitutes a violation of the TCPA;

    (e) whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

53. Plaintiff's claims are typical of the claims of members of the Class.

54. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

55. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

56. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

### FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

57. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

58. The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

59. The Defendants' violations were negligent, willful, or knowing.

60. As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

61.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Certification of the proposed Class;

B.     Appointment of Plaintiff as a representative of the Class;

C.     Appointment of the undersigned counsel as counsel for the Class;

D.     A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

F.     An award to Plaintiff and the Class of damages, as allowed by law; and

G.     Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted,

*/s/  Anthony I. Paronich*
PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com